## No. 4891.

### State of Louisiana ex rel. Jules Gourdon vs. A. Dubuclet, and C. Clinton, Auditor.

However improperly the offices of Treasurer and Auditor may be administered, this court fails to perceive any right in relator, a mere creditor of the State, to obtain a mandamus, and by the process of the court assume to exercise a supervisory control over officers engaged in the revenue department of the State.

The Treasurer and Auditor are agents of the State, charged with the performance of the duties pertaining to their respective offices. If they fail to discharge faithfully the trusts committed to them, they are answerable to their principal. A mere creditor of that principal has no right to supervise the settlement of accounts by these officers with the respective tax collectors.

With regard to the Auditor, the only duty he owes to the relator or any creditor of the State is to draw a warrant if he or they are entitled to it. But relator has already the Auditor's warrants, and he sets up no breach of duty in regard to drawing him a warrant.

Relator does not complain that the Treasurer has funds applicable to the payment of his warrants, and refuses to pay them out of the treasury as required by law. Indeed, there is no ministerial duty that respondents have failed to perform in behalf of relator and that he has the right to require them to perform.

APPEAL from the Superior District Court, parish of Orleans. *Haw-kins*, J. *Albert Voorhies*, for plaintiff and appellant. *A. P. Field*, Attorney General, for defendants and appellees.

Wyly, J. The relator alleges he is the owner of certain warrants described in his petition; that he has repeatedly asked payment of said warrants at the Treasurer's and Auditor's offices without success; that the settlements made with the several State tax collectors during the

past three months, and the mode of settlement adopted by the Auditor, and opposed by the Treasurer, are such as to cut off relator from an equal participation in the general funds collected, and virtually to give a right of preference to the holders of warrants issued for the two quarters of the present year, which is unjust, and not warranted by law; that in settling with the tax collectors the Auditor proceeds to audit separately all the special funds, leaving aside the item of general funds; that said tax collectors, upon the adjustment thus made, pay over to the State Treasurer the amounts collected for the various special funds, and the same are received by him without exacting at the same time the item for general funds; that the Auditor, by a separate transaction with the various tax collectors, after adjusting formally or informally the amounts collected for general funds, causes the same to be deposited in the Louisiana National Bank of New Orleans, under his control and absolute right of disposal, upon a voucher or receipt given by him to the said tax collectors respectively. So that the said Auditor, to the extent of the said general funds, virtually usurps the functions of the State Treasurer, and fails to do his duty, to wit: to audit at the same time the accounts of said tax collectors as a whole, including the general funds as well as the special funds. That the State Treasurer failed in this respect to require the respective tax collectors to produce their accounts properly adjusted as aforesaid by the Auditor; that relator is entitled to have said general funds properly paid into the treasury, and to be paid the amount of his said warrants. Upon these allegations the relator prayed for a mandamus against the Treasurer and Auditor commanding them to require of all tax collectors who apply to pay money into the treasury to produce an adjustment of their accounts duly made by the Auditor, including the item of general funds; commanding the said Auditor, in settling with the respective tax collectors, to give them a full statement, including general funds, and to audit the same together with the special funds collected by said tax collectors in one and the same adjustment; commanding the said Auditor to pay over to the Treasurer the full amount of general funds illegally collected by him, say the amount of $103,000; and commanding the State Treasurer to pay out of said general funds the relator's warrants, amounting in the aggregate to $4635 13. The court granted the preliminary order, but at the trial refused to allow the mandamus to be made peremptory.

Relator appeals.

However improperly the offices of Treasurer and Auditor may be administered, we fail to perceive any right in relator, a mere creditor of the State, to obtain a mandamus, and by the process of the court assume to exercise a supervisory control over officers engaged in the revenue department of the State. The Treasurer and Auditor are agents of the

State, charged with the performance of the duties pertaining to their respective offices. If they fail to discharge faithfully the trusts committed to them, they are answerable to their principal. A mere creditor of that principal has no right to supervise the settlement of accounts by these officers with the respective tax collectors. With regard to the Auditor, the only duty he owes to relator or any creditor of the State is to draw a warrant if he or they are entitled to it. But relator has already the Auditor's warrants, and he sets up no breach of duty in regard to drawing him a warrant. He does not complain that the Treasurer has funds applicable to the payment of his warrants and refuses to pay them out of the treasury as required by law. Indeed, we fail to perceive any ministerial duty that respondents have failed to perform in behalf of relator that he has the right to require them to perform.

It is therefore ordered that the judgment refusing the mandamus and dismissing the petition be affirmed with costs.